IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | |
| FRANCISCO KEANU BARRIENTES ) | Case No. 22-14602-JGR |
| SSN: XXX-XX-9777 ) | Chapter 7 |
| AMBER McKINNAH BARRIENTES ) | |
| ) | |
| Debtors. ) | Adv. Proc. No. 23- |
| ) | |
| ) | |
| JOLI A. LOFSTEDT, Chapter 7 Trustee, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| CARVANA, LLC, an Arizona Limited ) | |
| Liability Company, ) | |
| ) | |
| Defendant. ) | |

# COMPLAINT

Plaintiff Joli A. Lofstedt, Chapter 7 trustee ("*Trustee*") of the bankruptcy estate of Francisco and Amber Barrientes ("*Debtors*"), by and through her undersigned attorney, Lance J. Goff of GOFF & GOFF, LLC, states the following Complaint against Defendant Carvana, LLC (*"Carvana"*):

## PARTIES

1. Trustee is the duly appointed and acting Chapter 7 Trustee of Debtors' bankruptcy estate.

2. Defendant Carvana is an Arizona Limited Liability Company with its principal office located at 300 E. Rio Salado Pkwy., Bldg. 1, Tempe, AZ 85281.

3. Debtors filed a Voluntary Petition for relief under Chapter 7 of the Bankruptcy Code on November 25, 2022 (the "*Petition Date*").

1

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. § 1334(b) and D.C.Colo.L.Civ.R. 84.1.

5. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (F) and (O).

6. Venue of this action is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

7. Pursuant to Fed.R.Bankr.P. 7008, Trustee consents to entry of final order or judgment by the Court.

## GENERAL ALLEGATIONS

8. Upon information and belief, on August 27, 2022, the Debtors purchased and took delivery of a 2020 Kia Optima sedan with a VIN of 5XXGT4L33LG391974 (the "Vehicle").

9. Carvana financed Debtors' purchase of the Vehicle.

10. In connection with the financing of the Vehicle, Debtors granted a security interest in the Vehicle to Carvana.

11. Pursuant to 11 U.S.C. §547(e)(2), the transfer of the security interest occurred at the time it was perfected.

12. Pursuant to 11 U.S.C. §547(e)(1)(B), a grant of security interest in personal property is perfected when "a creditor on a simple contract cannot acquire a judicial lien that is superior to the interest of the transferee."

13. Pursuant to C.R.S. § 42-6-120, a mortgage or lien against a motor vehicle is not effective as a valid lien against "the rights of third persons, purchasers for value without notice, mortgagees, or creditors of the owner" unless such lien is filed for public record and the fact of filing noted on the owner's certificate of title.

14. Under C.R.S. § 42-6-121(5), a mortgage or lien against a motor vehicle shall be deemed perfected pursuant to § 42-6-120 "on the date all documents required are received by the authorized agent and payment is tendered on the fee imposed."

15. The Vehicle Master Record report from the Colorado Department of Motor Vehicles (the "DMV Report") attached hereto as **Exhibit A** indicates that the necessary documents and payment to note Defendant's lien on the certificate of title for the Vehicle, were delivered to the authorized agent on September 28, 2022, (the "*Transfer Date*") which was more than 30 days after the Debtor purchased the Vehicle and within 90 days of the Petition Date.

16. Pursuant to § 42-6-121(5) the Transfer was perfected on the Transfer Date.

## FIRST CLAIM FOR RELIEF
### (Preference Pursuant to 11 U.S.C. § 547)

17. Trustee incorporates paragraphs 1 through 16 of this Complaint as if fully set forth herein.

18. Carvana's perfection of its security interest in the Vehicle (*the "Lien"*) on the Transfer Date ("*the Transfer*") constitutes a transfer of an interest of the Debtors in property to or for the benefit of Carvana.

19. The Transfer was made for or on account of an antecedent debt owed by the Debtors before such Transfer was made.

20. The Transfer was made while the Debtors were insolvent. Pursuant to 11 U.S.C. § 547(f), a debtor is presumed to be insolvent within 90 days before the Petition Date.

21. The Transfer was made within 90 days before the Petition Date.

22. The Transfer, if not avoided, will enable Carvana to receive more than it would have received if the transfer had not been made and Carvana received payment of its debt to the extent provided by the provisions of the Bankruptcy Code.

23. Because Carvana did not perfect its security interest in the Vehicle within thirty (30) days after the date on which Debtors took possession of the Vehicle, Carvana is not entitled to the protection provided for in Bankruptcy Code § 547(c)(3).

## SECOND CLAIM FOR RELIEF
### (To Recover Property of the Estate Pursuant to Bankruptcy Code §550)

24. Trustee incorporates paragraphs 1 through 23 of this Complaint as if fully set forth herein.

25. Carvana was the initial transferee of the Lien.

26. Carvana was the entity for whose benefit the Lien was granted.

27. Under Bankruptcy Code § 550(a)(1), Trustee may recover from Carvana for the benefit of the estate, the Lien avoided under Bankruptcy Code § 547, or if the Court orders, the value of such Lien.

## THIRD CLAIM FOR RELIEF
### (To Preserve Property for Benefit of Estate Pursuant to Bankruptcy Code §§ 551)

28. Trustee incorporates paragraphs 1 through 27 of this Complaint as if fully set forth herein.

29. To the extent the Lien on the Vehicle is avoided pursuant to § 547, Trustee is entitled to the preservation of such Lien for the benefit of the bankruptcy estate pursuant to 11 U.S.C. § 551.

## PRAYER FOR RELIEF

WHEREFORE, Trustee respectfully requests judgment be entered in her favor and against Carvana:

A.   Avoiding the Lien pursuant to 11 U.S.C. § 547;

B.      Pursuant to 11 U.S.C. § 550 or 551, either (a) recovering and preserving the Lien for the benefit of the bankruptcy estate; or (b) alternatively, entering a money judgment in an amount equal to the value of the avoided Lien against Carvana;

C.      Awarding Trustee her taxable costs; and

D.      Granting such other and further relief as the Court deems just and proper.

Date: January 13, 2023.

                                      Respectfully submitted,

                                      ***GOFF & GOFF, LLC***

                                      */s/ Lance J. Goff*
                                      Lance J. Goff #27301
                                      3015 47th St., Ste. E-1
                                      Boulder, CO  80301
                                      Telephone:  720-866-8261
                                      E-mail:  lance@goff-law.com

                                      *Attorneys for Joli Lofstedt – Chapter 7 Trustee*